# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>             Plaintiff,<br><br>     vs.<br><br>HAO ZHANG, ET AL.,<br><br>             Defendants. | Case No.: CR 15-00106 EJD<br><br>[~~PROPOSED~~] SUPPLEMENTAL RELEASE ORDER |

## INTRODUCTION

The Court issues this Order to supplement the release order set forth in the attached "Order Setting Conditions of Release and Bond Form," which is a standard one-page form that is used in the Northern District of California. The issue is whether the immigration detainer lodged against Defendant Hao Zhang is relevant to risk of flight.

## STATEMENT OF FACTS

Mr. Zhang is a resident and citizen of the People's Republic of China. An immigration detainer has been lodged against him by the Department of Homeland Security (DHS).

## ANALYSIS

### I.    LEGAL STANDARDS

Pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, the court must release a defendant facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community. "Only in rare

circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The court must order a defendant detained only if, "after a hearing pursuant to the provisions of subsection (f) [of section 3142]," the court finds that conditions cannot be fashioned to assure the defendant's appearance in court or the safety of the community or another person. *See* 18 U.S.C. § 3142(e)(1).

Under section 3142(f), the court "shall hold" a hearing only in certain cases, including on the government's motion in cases involving a serious risk of flight. *See* 18 U.S.C. § 3142(f)(2)(A). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *See id*. § 3142(f). Clear and convincing evidence must support a finding that no conditions of release will reasonably assure the safety of the community or another person, and a preponderance of the evidence must establish that conditions will not reasonably assure a defendant's appearance. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

In evaluating whether conditions can be fashioned under section 3142(c) to reasonably assure the defendant's appearance and the safety of the community or another person, a court shall consider the factors in section 3142(g), including (1) the nature and circumstances of the offense, including whether the offense is one of certain enumerated crimes; (2) the weight of the evidence; (3) the history and characteristics of the defendant (including his job, financial resources, family ties, community ties, substance abuse history, physical and mental condition, character, criminal history, past conduct, trace record in appearing in court, and whether at the time of arrest of the defendant was on supervision for parole, probation, or other release in a pending case); and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release.

## II.   APPLICATION

Following a hearing over several court sessions under 18 U.S.C. § 3142(f) in this case, and considering the factors set forth in section 3142(g), the Court has found by a preponderance of evidence that a combination of conditions will reasonably assure Mr. Zhang's appearance in this case.  (Public safety is not contested by the government, and the court does not find that releasing Mr. Zhang would pose any risk of danger to the community or any person.)

An issue in the Court's consideration is whether Mr. Zhang's immigration status raises a concern about flight risk.  It does.  *See, e.g., United States v. Xulum*, 84 F.3d 441, 443-44 (D.C. Cir. 1996) (finding that a detainer and the risk of removal are relevant to assessing flight risk but holding that a DHS detainer did not by itself justify detention).   However, the Court is satisfied that the conditions set forth in this Order address that risk.

Notably, as to the detainer, DHS "has itself addressed any concerns regarding [Mr. Zhang's] . . . risk of flight by lodging a detainer . . ., which permits his retention for 48 hours after he is otherwise ordered released, and at that point, the agency may opt to take [him] into custody pending deportation proceedings."  *Ibid*.  Moreover, as past cases demonstrate, defendants are regularly allowed bail in immigration proceedings.  If DHS elects to initiate removal proceedings against Mr. Zhang and he is allowed bail in that case, the conditions set forth by this Court address any concern about flight risk.  On the other hand, if Mr. Zhang is not allowed bail in the administrative removal proceeding within ninety (90) days of being taken into DHS custody, defense counsel shall immediately notify government counsel. In that event, upon submission of a proposed order by the government or defense counsel, this Court will revoke the bond, release the sureties from their obligations, and issue an appropriate writ and arrest warrant directing the United States Marshal to take the defendant back into custody.

By the same token, if an immigration court orders the defendant deported or removed from the United States, or if there is any other event in the administrative proceeding that might result in the defendant's removal from the United States, defense counsel shall immediately notify government counsel. In that event, upon submission of a proposed order by the government or defense counsel, this Court will revoke the bond, release the sureties from their obligations, and issue an appropriate writ and arrest warrant directing the United States Marshal to take the defendant back into custody.

## CONCLUSION ON BAIL DETERMINATION

In sum, the Court finds that the release conditions it has set reasonably assure Mr. Zhang's appearance, and orders him released pursuant to the conditions in the attached "Order Setting Conditions of Release and Appearance Bond," as supplemented by this Order. The Court also imposes the conditions contained in this supplemental order pursuant to section 3142(c)(1)(B)(xiv)'s catch-all provision.

## NOTICE TO IMMIGRATION AUTHORITIES

The government and defense counsel are directed to provide a copy of this order and the indictment to immigration authorities. The government may satisfy this obligation through the Immigration and Customs Enforcement (ICE) agent (or other ICE liaison) who lodged the detainer after the indictment was returned, and the defense may do so through any pending immigration proceedings, should they be initiated.

//

//

//

//

//

//

The immigration authorities are advised that there is a pending federal criminal indictment in this case, and they must notify the government of any order or warrant of removal before it is executed.  Mr. Zhang shall not be removed from the United States while there is a pending criminal case.

IT IS SO ORDERED.

Dated:  July 8, 2015

_____
NATHANAEL COUSINS
United States Magistrate Judge