MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

MATTHEW A. PARRELLA (NYBN 2040855)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5042
    FAX: (408) 535-5061
    Matthew.parrella@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>HAO ZHANG,<br><br>    Defendant. | Case No.: CR 15-00106 EJD<br><br>[PROPOSED] ORDER REVOKING BOND, RELEASING SURETIES, AND ISSUING WRIT AND ARREST WARRANT<br><br>Date:  July 21, 2015<br>Time:  1:30 p.m.<br>Court: Hon. Nathanael Cousins |

## INTRODUCTION

The defendant, HAO ZHANG, stands charged by indictment with violations of 18 U.S.C. § 1831(a)(5) – Conspiracy to Commit Economic Espionage; 18 U.S.C. § 1832(a)(5) – Conspiracy to Commit Theft of Trade Secrets; 18 U.S.C. § 1831(a) – Economic Espionage; and 18 U.S.C. § 1832(a) – Theft of Trade Secrets. A sealed arrest warrant was issued under this case for this defendant on April 1, 2015.

## FACTUAL BACKGROUND

The defendant is a resident and citizen of the People's Republic of China who entered the United States and was arrested at the Los Angeles International Airport on May 16, 2015. That same day, the

Department of Homeland Security ("DHS") issued an Immigration Detainer (see attached Exhibit 1) for the defendant. The defendant was ordered detained by a United States Magistrate Judge in the Central District of California, who also ordered that he be transported to San Jose to face the charges.

After re-opening the issue of detention and holding several hearings, the Court ultimately ordered the defendant's release on conditions (see Doc. 24). On July 8, 2015, the Court issued a Supplemental Release Order ("SRO") specifically designed to return the defendant into the United States Marshal's custody if it appeared the defendant might be deported or otherwise administratively removed from the United States as a result of the Immigration Detainer (see Doc. 23).

The defendant was taken into DHS custody under the authority of the Immigration Detainer and, on July 13, 2015, was issued a Notice and Order of Expedited Removal ("ERO") (see attached Exhibit 2), which ordered his removal from the United States.

## THE SUPPLEMENTAL RELEASE ORDER

The SRO contained language to address the very situation presented here:

> On the other hand, if Mr. Zhang is not allowed bail in the administrative removal proceeding within ninety (90) days of being taken into DHS custody, defense counsel shall immediately notify government counsel. In that event, upon submission of a proposed order by the government or defense counsel, this Court will revoke the bond, release the sureties from their obligations, and issue an appropriate writ and arrest warrant directing the United States Marshal to take the defendant back into custody.
>
> By the same token, if an immigration court orders the defendant deported or removed from the United States, or if there is any other event in the administrative proceeding that might result in the defendant's removal from the United States, defense counsel shall immediately notify government counsel[1]. In that event, upon submission of a proposed order by the government or defense counsel, this Court will revoke the bond, release the sureties from their obligations, and issue an appropriate writ and arrest warrant directing the United States Marshal to take the defendant back into custody.

(Doc. 23, 3-4).

Clearly, the ERO constitutes an "event in the administrative proceeding that might result in the

---

[1] Defense counsel have not yet contacted government counsel to advise us of the ERO.

ORDER REVOKING BOND [PROPOSED]
CR-15-00106 EJD

defendant's removal from the United States," and so triggers the bond revocation language of the SRO. Indeed, the defendant's "risk" of non-appearance has now become, absent intervention by this Court, a "certainty" of non-appearance.

**ORDER**

Based upon the facts presented in the course of several court sessions constituting the detention hearing, as well as those facts stated in this Order, it is hereby ORDERED that:

1. The bond set in the above-captioned case is revoked;
2. The sureties are released from any and all obligations under the bond;
3. An arrest warrant and writ to produce the defendant shall issue from this Court;
4. The United States Marshals Service shall take the defendant into custody without delay and bring him back before this Court;
5. Defense counsel shall deliver any passports or other travel documents of the defendant that are presently in, or come into, their possession directly to the Court.

IT IS SO ORDERED.

Dated: _____
NATHANAEL COUSINS
United States Magistrate Judge