

**NOLAN BARTON BRADFORD OLMOS LLP**

July 16, 2015

The Honorable Edward J. Davila
District Judge
Northern District of California
San Jose Courthouse, Courtroom 4
280 South 1st Street
San Jose, CA 95113

Re:   *U.S. v. Zhang, et al.,* 15-cr-00106-EJD

Dear Judge Davila:

Pursuant to your request, and to our obligations under the Supplemental Release Order issued by Magistrate Judge Cousins on July 8, 2015 (*see* Docket No. 23), we are writing again to update you regarding the custody status of Defendant Hao Zhang.

As this Court is aware, on July 8 Magistrate Judge Cousins ordered the release of Mr. Zhang on a $500,000 secured bond and house arrest monitored by a GPS tracker. He also issued the Supplemental Release Order which, *inter alia*, prohibits the Department of Homeland Security from removing Mr. Zhang from the United States while this case is pending. Since that time, however, the government has undertaken a deliberate and orchestrated plan across several agencies to undermine Magistrate Judge Cousins' order and prevent Mr. Zhang from receiving a fair trial.

I want you to be aware of some background information that is relevant to what has occurred over the past week since Mr. Zhang was ordered released. As you know, the government filed the indictment in this matter on February 18, 2015, and successfully sought to have it sealed. Thereafter, on April 14, 2015, the State Department issued Mr. Zhang a B1/B2 multiple entry visa which was valid for one year from the date of its issuance to allow him to come temporarily to the U.S. for business or pleasure. Mr. Zhang was carrying that visa when he came to the United States on May 16, 2015, intending to attend a conference at which he had been invited to speak. However, despite giving him the visa in April, ostensibly to allow him to attend that conference, the government, through the FBI, instead arrested Mr. Zhang while he was still on board the airplane arriving at Los Angeles International Airport from China. Mr. Zhang was arrested prior to arriving at the immigration inspection point and, despite the fact that he was carrying a valid visa, the government took the following steps, all of which are now relevant: (1) Customs and Border Patrol (CBP) conducted no inspection of Mr. Zhang and, unbeknownst to him, paroled him into the U.S. for 90 days rather than admitting him on his perfectly valid visa; (2) CBP then lodged a detainer against him even though it had already paroled him into the country; and, (3) five days later when Mr. Zhang was securely in the custody of the U.S. Marshal, the government revoked the visa it had granted him.

THOMAS J. NOLAN | DANIEL L. BARTON | EMMA BRADFORD | DANIEL B. OLMOS
600 UNIVERSITY AVENUE, PALO ALTO, CALIFORNIA 94301
650.326.2980  650.326.9704  NBBOLAW.COM

The Hon. Edward J. Davila
Re: *U.S. v. Zhang*
July 16, 2015
Page 2

Mr. Zhang then remained in custody at the San Jose Main Jail until July 9, the day after Magistrate Judge Cousins ordered him released. That morning, authorities at the jail turned Mr. Zhang over to the Marshal, which then delivered him to Immigration and Customs Enforcement agents in San Jose pursuant to the detainer lodged by CBP. After spending the weekend in the Yuba County Jail, Mr. Zhang was delivered this Monday, July 13, to the San Francisco CBP office theoretically to conduct the "inspection" it had chosen to forgo when Mr. Zhang arrived in May.

At the July 13 CBP inspection, Mr. Zhang's attorneys requested that he be paroled into the country in order to deal with the pending criminal case (which is precisely what the agency did on May 16 when he was arrested), either under the same conditions of release already ordered by Magistrate Judge Cousins or, if deemed necessary, an additional cash bond. The attorneys also presented the various release orders from this case, including the Supplemental Release Order which prevents CBP from removing Mr. Zhang from the United States. However, in spite of the fact that the government had issued Mr. Zhang a visa which was valid when he arrived here, and in spite of the fact that CBP had paroled Mr. Zhang into the United States in May for a period of 90 days which could have been extended through the period of this case, the agency instead issued an "expedited removal order" for Mr. Zhang even though it cannot enforce it during the pendency of this case, which will likely take several years to complete. The sole basis for CBP's inexplicable action was its assertion that Mr. Zhang was inadmissible for failing (on July 13) to have a valid visa or entry document (because the government had already revoked it).

The effects of the expedited removal order in an ordinary immigration case are multifold. First, it permits CBP to detain the person subject to the order for at least some time during the 90-day "removal period" the government normally has under the immigration statute to effectuate the removal. Second, for individuals with certain criminal convictions, the statute purports to foreclose entirely federal jurisdiction over the individual's continued detention during that 90-day period. In this case, the government's actions have also served to prevent Mr. Zhang from appearing before an immigration judge either on the issue of his removability or on his custody status. This is because a foreign national subjected to expedited removal has no right to have his removability or his custody status reviewed by an immigration judge. And, under normal circumstances, the statute precludes most federal court review of the expedited removal order. So, by taking this illogical (but plainly calculated) action which it acknowledges is unenforceable, the government has made its best effort to prevent review of its actions by an immigration judge and, we believe, will attempt to argue also that its actions cannot be reviewed by this or any other federal court.

In sum, after secretly indicting him in February 2015, the government issued Mr. Zhang a visa in April to allow him to come to the U.S., ostensibly to attend a conference; arrested him on the plane in May without allowing him to enter the country on his visa; cancelled the visa five days later; used the fact that the visa was cancelled to place Mr. Zhang in expedited removal proceedings which prevented him from going before an immigration judge either on his removability or his custody status; and then issued an order of removal based on the lack of a visa and ordered him detained in custody despite this Court's having ordered him released in order to assist meaningfully in his defense.

The Hon. Edward J. Davila
Re: *U.S. v. Zhang*
July 16, 2015
Page 3

The government argued against the issuance of the Supplemental Release Order in this case on the basis that it lacked "efficacy." Now we know why – its well-orchestrated plan to ensure that it lacked efficacy was already well underway with only a few Kafkaesque moves left to make. The government should not be permitted to undermine the will and orders of this Court through the plainly deliberative and purposeful actions that it inarguably took here.

Defense counsel plans to bring this issue formally before this Court in the coming weeks. In the meantime, unsurprisingly, on Tuesday morning the government filed a proposed order which seeks to revoke Mr. Zhang's release order and conditions on the basis of CBP's removal order (which CBP issued on Monday afternoon), and set the matter before Magistrate Judge Cousins next Tuesday, July 21, at 1:30 p.m. Although defense counsel generally agrees that it is best for the U.S. Marshal to re-take custody of Mr. Zhang from immigration authorities, it should be done without a revocation of the release conditions and release of the posted sureties before this Court has the opportunity to address all of the issues that have arisen due to the government's actions.

Respectfully submitted,

NOLAN BARTON BRADFORD & OLMOS, LLP

*/s/ Daniel Olmos*

Daniel Olmos

cc:   The Hon. Nathanael Cousins
      AUSA Matthew A. Parrella
      AUSA David R. Callaway
      Thomas Nolan
      Yitai Hu
      Mike Brown
      Leanne Kantner
      Mitch Mitchelson
      Pretrial Services Officer Kim Do