Thomas J. Nolan (CA SBN 48413)
Daniel B. Olmos (CA SBN 235319)
Jonathan Baum (CA SBN 303469)
NOLAN BARTON BRADFORD & OLMOS LLP
600 University Avenue
Palo Alto, CA  94301
Tel. (650) 326-2980
Fax (650) 326-9704

Michael Brown (GA SBN 088875)
William Mitchelson (CA SBN 124066)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309
Tel. (404) 881-7000
Fax (404) 881-7777

Yitai Hu (CA SBN 248085)
Lior Nuchi (CA SBN 131037)
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303
Tel. (650) 838-2000
Fax (650) 838-2001

Counsel for Defendant
Hao Zhang

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>    vs.<br><br>HAO ZHANG, ET AL.,<br><br>            Defendants. | Case No.: CR 15-00106 EJD<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Date:  September 14, 2015<br>Time:  1:30 p.m. |

The parties in the above-entitled action hereby submit this joint status conference statement to assist the Court with respect to the September 14, 2015 status conference.  At the initial appearance before this Court on June 15, 2015, the Court ordered that this joint statement be filed by September 8.

As the Court is likely aware, there have been a number of significant developments in the case since the parties last appeared before the Court in June.  After a detention hearing which spanned several sessions, Magistrate Judge Cousins ordered Defendant Zhang released on July 8,

2015, on a series of conditions including a $500,000 secured bond and GPS monitoring.  However, Defendant Zhang was thereafter taken into custody by the Department of Homeland Security and sent to immigration detention in Yuba County, CA, where he remained for several weeks.  On July 28, Magistrate Judge Cousins again ordered Defendant Zhang released on the previously-imposed conditions, and issued an order which stated, *inter alia*, that if the government took Defendant Zhang back into immigration custody "then this court will craft an appropriate remedy, which will likely be a recommendation to dismiss the indictment."  (*See* Docket No. 43.)  Defendant Zhang was released from custody the next day.

Since Defendant Zhang's release, the parties have agreed to an interim protective order (*see* Docket Nos. 45, 46), and, on August 27, 2015, the government produced initial discovery to the defense.  The parties have also agreed, in light of Defendant Zhang's release and good standing with Pretrial Services, to continue the previously-scheduled bail review hearing from September 9 to October 21, 2015.  The parties also stipulated, and the court ordered, that Defendant Zhang's GPS monitoring condition be modified to permit him to leave his individual residential unit between 8:00 a.m. and 8:00 p.m. each day to use the facilities (laundry, gym, etc.) at his residential complex.  (*See* Docket No. 48.)

Due to the volume of discovery produced recently by the government and the defense team's need to review that discovery and conduct additional investigation and preparation, the parties anticipate that, at the at the September 14 status conference, they will jointly request that this Court set a further status conference in approximately 90 days, and to exclude time pursuant to the Speedy Trial Act for that time period.

1
2
3  Dated: September 8, 2015          NOLAN BARTON BRADFORD & OLMOS LLP
4
5                                          /S/
                                    Daniel B. Olmos
6                                   Attorney for Defendant Hao Zhang
7
8  Dated: September 8, 2015
9
10                                         /S/
                                    Matthew A. Parrella
11                                  Assistant United States Attorney
12