MAYER BROWN LLP
Michael Martinez (admitted *pro hac vice*)
Michael J. Word (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020-1001
Tel:  (212) 506-2500
Fax:  (212) 262-1910
mmartinez@mayerbrown.com
mword@mayerbrown.com

John Nadolenco (SBN 181128)
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Tel: (213) 229-9500
Fax: (213) 625-0248
jnadolenco@mayerbrown.com

*Counsel for Third Party*
AVAGO TECHNOLOGIES U.S., INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>HAO ZHANG, ET AL.,<br><br>   Defendant. | Case No. 5:15-cr-00106-EJD (NC)<br><br>**THIRD PARTY AVAGO TECHNOLOGIES US, INC.'S ADMINISTRATIVE MOTION TO SEAL ITS MOTION TO QUASH DEFENDANT'S RULE 17(C) SUBPOENA AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

Pursuant to Civil Local Rule 7-11 and Criminal Local Rule 56-1, Third Party Avago Technologies US, Inc. ("Avago") hereby moves to seal its Motion to Quash Defendant's Rule 17(c) Subpoena and Supporting Memorandum of Points and Authorities ("Motion to Quash") and its related attachments.

On April 27, 2016, the Court granted the application made by Defendant Hao Zhang for a Rule 17 subpoena directed to Avago. (Dkt. No. 81.) Avago intends to move to quash the subpoena. As discussed further below and in the accompanying Declaration of Michael Martinez (the "Martinez Declaration") filed concurrently herewith, good cause exists to seal Avago's Motion to Quash. In conformance with Criminal Local Rule 56-1, the request to seal is narrowly tailored and seeks sealing only of sealable material. Attached hereto as Exhibit A is Avago's Motion to Quash and its related attachments.

## I. GOOD CAUSE EXISTS TO SEAL THIRD PARTY AVAGO'S MOTION TO QUASH

The public and the press have a presumed right of access "to criminal proceedings and documents filed therein," *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985), which can be overcome if there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Indeed, the Ninth Circuit has confirmed that a party seeking to seal documents filed in connection with a nondispositive motion need only show that "good cause" exists to protect the information from disclosure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). In view of these standards, good cause exists to seal Avago's Motion to Quash and related materials, for the reasons set forth below.

### A. Defendant Has Requested and Does Not Oppose Avago's Motion to Seal

Counsel for Avago has conferred with counsel for Defendant (the proponent of the Rule 17(c) Subpoena that is the subject of the instant Motion to Quash), and Defendant does not

oppose the filing of the Motion to Quash and related materials under seal. (Martinez Decl. at ¶ 2.) In fact, Defendant's counsel has requested that Avago's present Motion to Quash and related materials be filed under seal. (*Id.*.)

**B. The Motion to Quash Relates to Previously Sealed Material**

Good cause to seal Avago's Motion to Quash exists because it relates to material that was previously sealed by the Court. In particular, the Motion to Quash refers to and attaches materials that Avago understands were previously sealed by the Court in Dkt. Nos. 62-64, and in particular, Defendants' Rule 17(c) Subpoena attached to Dkt. No. 62.

**C. The Rule 17(c) Subpoena that is the Subject of Avago's Motion to Quash Refers to Proprietary Avago Material**

Good cause to seal Avago's Motion to Quash also exists because the Subpoena that is the subject of Avago's Motion to Quash, and which is discussed throughout the Motion Quash and attached thereto, refers to trade secret materials that are the very subject of the allegations in the Superseding Indictment. (*Id.* at ¶¶ 3.) Such information is not disseminated widely, and could cause competitive and financial harm to Avago if it were disclosed to the public. (*Id.*) *See Kamakana*, 447 F.3d at 1179 (defining a trade secret as any "compilation of information, which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"). Moreover, Avago is not a party to this litigation—it is a third party victim with respect to this matter—and there is insufficient cause for its highly sensitive and confidential information to be disseminated. *Id.* (noting that the sealing of court filings is justified where "'court files might have become a vehicle for improper purposes,' such as the . . . release of trade secrets"); *see also Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1223-28 (Fed. Cir. 2013) (applying 9th Circuit law) (sealing product-specific financial information that "could give the suppliers an advantage in contract negotiations"). Because it refers to materials that contain trade secrets, the Motion to Quash presents the Court with "good cause" to protect the information from disclosure.

**CONCLUSION**

For the foregoing reasons, Avago respectfully requests that this Court order that the

Motion to Quash and the attachments thereto be placed under seal. A proposed order granting Avago's sealing request is being filed concurrently herewith.

Dated: May 11, 2016

Respectfully submitted,
MAYER BROWN LLP
John Nadolenco
Michael J. Word

By: */s/ Michael J. Word*
MICHAEL J. WORD*

Attorneys for Non-Party Avago Technologies US, Inc.

**Admitted to practice pro hac vice*