Thomas J. Nolan (CA SBN 48413)
Daniel B. Olmos (CA SBN 235319)
Jonathan Baum (CA SBN 303469)
NOLAN BARTON BRADFORD & OLMOS LLP
600 University Avenue
Palo Alto, CA  94301
Tel. (650) 326-2980
Fax (650) 326-9704

Counsel for Defendant
Hao Zhang

Michael Brown (GA SBN 088875)
William Mitchelson (CA SBN 124066)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309
Tel. (404) 881-7000
Fax (404) 881-7777

Yitai Hu (CA SBN 248085)
Lior Nuchi (CA SBN 131037)
ALSTON & BIRD LLP
1950 University Avenue, 5th Floor
East Palo Alto, CA  94303
Tel. (650) 838-2000
Fax (650) 838-2001

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES, | Case No.: CR 15-00106 EJD |
| Plaintiff, | |
| vs. | **STATUS MEMORANDUM RE: PROTECTIVE ORDER FOR DOCUMENTS AND ITEMS PRODUCED BY AVAGO TECHNOLOGIES PURSUANT TO RULE 17(C) SUBPOENAS** |
| HAO ZHANG, ET AL., | |
| Defendants. | |

Defendant Hao Zhang, through undersigned counsel, submits this memorandum to the Court in response to the Court's order following the June 15, 2016, hearing on third party Avago Technologies' motion to quash the Federal Rule of Criminal Procedure 17(c) subpoena issued on behalf of Defendant Zhang.  Following that hearing, the Court ordered the parties to meet and confer regarding a protective order to govern the documents and items that Avago Technologies is ordered to produce to the defense, and to (1) submit an agreed-upon order, or (2) submit dueling orders with a status memorandum to be prepared by counsel for Defendant Zhang.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Following the hearing, parties met and conferred by telephone and email, and they have been unable to agree upon a protective order.  The protective order proposed by Defendant Zhang, attached as Exhibit A, extends the protective order already in place in this case between the government and defense to documents and items produced by Avago, with an additional protection which governs the ability of the defense to show documents to potential witnesses and experts who have been, or are, employed by Avago's competitors.  The existing protective order, which was stipulated to by the government and defense and ordered by the Court on August 19, 2015, *see* Docket No. 46, has to date governed the production of more than 1,000,000 documents produced by the government, the majority of which came by way of Avago itself.  In other words, the existing protective order which the defense now proposes extending has been deemed sufficient by the government, defense, and Court to protect all of the documents and evidence that Avago has willingly provided to the government, and that the government has produced to the defense pursuant to its statutory and constitutional discovery obligations.  The defense proposed protective order is also based upon protective orders from prior criminal trade secret cases in the Northern District of California, including *United States v. Lan Lee & Yufei Ge*, CR 06-424 JW.

The protective order proposed by Avago Technologies, attached hereto as Exhibit B, appears to be based upon the model protective order in the Northern District of California for <u>civil</u> trade secret cases.  Counsel for Avago Technologies has informed defense counsel that the company believes that its intellectual property can be protected only through a civil protective order such as the one it proposes.  The defense believes that the order would unconstitutionally infringe upon its ability to defend this criminal case, and further believes that it would be fundamentally unfair to impose materially different requirements upon documents and items that Avago Technologies is required to produce pursuant to Rule 17(c) subpoenas issued on behalf of the defense, as compared to the voluminous body of documents and items that the company has produced of its own volition to the government in support of the prosecution in this matter.  Moreover, to date the government

has labeled virtually every document that it has discovered to the defense as "confidential material" pursuant to the existing protective order, and the defense has fully complied with the requirements and restrictions of that order.

Counsel for Defendant Zhang are available to provide additional information to the Court as the Court deems necessary.


Dated: June 29, 2016                                    NOLAN BARTON BRADFORD & OLMOS LLP


                                                               /s/
                                                        _____
                                                        Daniel Olmos
                                                        Attorney for Defendant Hao Zhang