Thomas J. Nolan (CA SBN 48413)
Daniel B. Olmos (CA SBN 235319)
Jonathan Baum (CA SBN 303469)
NOLAN BARTON BRADFORD & OLMOS LLP
600 University Avenue
Palo Alto, CA 94301
Tel. (650) 326-2980
Fax (650) 326-9704

Michael Brown (GA SBN 088875)
William Mitchelson (CA SBN 124066)
Leanne Kantner (GA SBN 270935)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Tel. (404) 881-7000
Fax (404) 881-7777

Counsel for Defendant
Hao Zhang

David-Duane Hough (NY Bar No. 2073237)
Michael Martinez  (NY Bar No. 2828754)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
Tel. (212) 506-2500
Fax (212) 262-1910

Michael Word (IL SBN 6297998)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Tel. (312) 701-7711

Counsel for Avago Technologies U.S., Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HAO ZHANG, ET AL.,<br><br>　　　　　Defendants. | Case No.: CR 15-00106 EJD<br><br>**STATUS MEMORANDUM RE: PROTECTIVE ORDER FOR DOCUMENTS AND ITEMS PRODUCED BY AVAGO TECHNOLOGIES PURSUANT TO RULE 17(C) SUBPOENAS** |

Defendant Hao Zhang and non-party Avago Technologies, Inc. ("Avago"), through undersigned counsel, submit this memorandum to the Court in response to the Court's order dated July 12, 2016.  The parties have met and conferred by telephone on multiple occasions and are unable to agree on a protective order.  Defendant Zhang requests that stipulated interim protective order currently in place between the United States and Defendant Zhang be extended to protect the documents produced by Avago.  Avago requests that the protective order entered in *United States v. Walter Liew, et al.*, No. 11-cr-00573 JSW (NC), Docket # 168 (June 21, 2012) be put in place in this case.  The main unresolved issues between the parties relate to disclosure of documents produced by Avago to potential fact and expert witnesses.

The first unresolved issue is the manner in which Defendant Zhang can retain expert witnesses to review documents produced by Avago.  Defendant Zhang believes the current protective order with the United States sufficiently protects any confidential documents in the case by requiring any expert witness to sign an acknowledgment to the protective order.  Avago believes that it should be permitted to restrict the individuals hired as expert witnesses to those who are not a former or current employee, consultant, officer, proprietor, director, or agent of Avago or one of Avago's competitors.  Avago requests that Defendant Zhang not hire an expert that is a former or current employee, consultant, officer, proprietor, director, or agent of Avago or one of Avago's competitors.  Under Avago's proposed protected order, if Defendant Zhang wishes to hire an expert who is a former or current employee, consultant, officer, proprietor, director, or agent of Avago or one of Avago's competitors, Defendant Zhang will be required to seek permission from the Court to hire the expert and the Court can seek the input of Avago if necessary.

Defendant Zhang is willing to agree to notify the Court *ex parte* and *in camera* if he plans to retain an expert who is a former or current employee of Avago or a former or current employee of a list of six competitors provided by Avago.  Defendant Zhang is also willing to file each expert's acknowledgment  to the protective order with the Court *ex parte* and *in camera* and agrees to make

those documents available to Avago at the conclusion of the case in order to inform Avago of the identities of the experts who reviewed the Avago documents.

The second unresolved issue is the manner in which Defendant Zhang can show Avago documents to potential fact witnesses. Defendant Zhang believes the current protective order with the United States sufficiently protects any documents produced by Avago in response to a 17(c) subpoena by requiring any fact witness to sign an acknowledgment to the protective order before viewing the documents. The current protective order also prohibits Defendant Zhang from providing copies of any documents produced by Avago to the fact witnesses.

Avago believes that it is necessary that they be provided seven days written notice before Defendant Zhang shows a document produced by them in response to a 17(c) subpoena to a fact witness. If good cause exists, Avago can then raise an objection to the Court if they believe documents should not be shown to a specific fact witness. Defendant Zhang thinks the current protective order adequately protects Avago's documents, but is willing to file the acknowledgment forms signed by each fact witness *ex parte* and *in camera* with the Court. Defendant Zhang is also willing to agree to not send or take any document produced by Avago in response to a 17(c) subpoena to China without seeking prior court approval.

The defense believes that a protective order that restricts the witnesses Professor Zhang is allowed to show certain documents to would unconstitutionally infringe upon its ability to defend this criminal case, and further believes that it would be fundamentally unfair to impose materially different requirements upon documents and items that Avago Technologies is required to produce pursuant to Rule 17(c) subpoenas issued on behalf of the defense, as compared to the voluminous body of documents and items that the company has produced of its own volition to the government in support of the prosecution in this matter. Moreover, to date the government has labeled virtually every document that it has discovered to the defense as "confidential material" pursuant to the existing protective order, and the defense has fully complied with the requirements and restrictions

of that order. The protective order currently in place has adequately protected all of the Avago documents produced by the government to date. Defendant Zhang is willing to make the concessions described above to help assuage Avago's concerns about the protection of their documents, but he and his counsel are not willing to make compromises that interfere with Defendant Zhang's constitutional rights.

Avago believes that this Court's protective order in the *Liew* case is more suitable and appropriate for the production of Avago's documents under Rule 17(c) than the interim protective order currently in place between the United States and Defendant Zhang. In *Liew*, this Court fashioned a protective order (the "*Liew* Protective Order") in a criminal trade secrets case in which DuPont was the victim. That order "preserve[d] the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws." 18 U.S.C. § 1835 (amended 2016). Avago moves this Court to use its prior precedent in *Liew* here. That is, Avago requests that this Court use the *Liew* Protective Order, with two modifications, to preserve the confidentiality of Avago's trade secrets, as 18 U.S.C. § 1835 requires.

The fundamental benefit of the *Liew* Protective Order is that it provides for *pre-disclosure* protection for trade secrets. Defendant Zhang prefers to avoid Avago's input and this Court's oversight in ensuring that trade secrets are not improperly provided to former or current employees or consultants of Avago or one of Avago's competitors. Instead, Defendant Zhang prefers to disclose Avago's trade secrets with whomever they choose, arbitrarily limit the number of Avago's competitors to six, and shift the burden to Avago *post-disclosure* to monitor and enforce the improper use of the confidential materials. Defendant Zhang ignores this Court's statutory duty to *preserve* the confidentiality of trade secrets, and he fails to explain how the procedures that this Court approved in the *Liew* Protective Order would violate or impermissibly impinge upon any of his constitutional or other legal rights.

Avago recommends that this Court make two modifications to the *Liew* Protective Order. The first modification relates to a categorical distinction of confidential materials that does not apply in this matter. The *Liew* Protective Order distinguished between confidential materials that belonged to or were obtained from DuPont—*i.e.*, "Confidential-1 Materials"—and confidential materials that did not belong or were not obtained from DuPont—*i.e.*, "Confidential-2 Materials." *Compare Liew* Protective Order at ¶ 2a *with Liew* Protective Order at ¶ 2b. Here, Avago is producing confidential materials under Rule 17(c) that only belonged to or were obtained from Avago. Accordingly, the "Confidential-2 Materials" designation is not required.

The second modification relates to the acknowledgments signed by experts. Avago requests that the language from Paragraph 9 of the *Liew* Protective Order be revised so that any acknowledgments signed by experts are disclosed to Avago at the conclusion of the trial and that those experts are made aware of such post-trial disclosures. This modification would provide deterrence for any expert witness considering using confidential material for any purpose other than providing expert assistance in this criminal matter and would not require any pre-trial disclosure of Defendant Zhang's trial strategy.

Dated: July 20, 2016

NOLAN BARTON BRADFORD & OLMOS LLP


/s/
Daniel Olmos
Attorney for Defendant Hao Zhang


MAYER BROWN LLP


/s/
Michael Martinez
Attorney for Non-Party Avago Technologies US, Inc.
*Admitted to practice pro hac vice